**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| LIBERTARIAN PARTY OF NEW YORK, *et al.*, | Case No. 20-cv-5820 |
| Plaintiffs, | Hon. John G. Koeltl |
| v. | |
| NEW YORK STATE BOARD OF ELECTIONS, *et al.*, | **JOINT 26(f) REPORT AND DISCOVERY PLAN** |
| Defendants. | |

Plaintiffs and Defendants (collectively, the "Parties") respectfully submit this Joint Rule 26(f) Report and Discovery Plan ("Report") in accordance with Fed. R. Civ. P. 26(f), the Local Civil Rules of the Unites States District Court for the Southern District of New York, the Individual Practices of Judge John G. Koeltl, and the Court's Order dated September 18, 2020 (ECF. No. 41). Unless explicitly stated, nothing in this Report may be construed to create, limit, or waive any rights, privileges, or defenses.

## I.   JOINT DISCOVERY PLAN

### a.   Schedule

The Parties agree to proceed with the proposed schedule in Section II below.

### b.   Initial Disclosures

The Parties agree to exchange initial disclosures in accordance with Rule 26(a)(1)(A) by November 13, 2020.

### c.   Subjects of Discovery

The Parties agree that discovery in this matter should be limited.

Subject to Plaintiffs' right to supplement this list at a later date, the subjects on which

Plaintiffs may seek discovery regarding the enactment of New York Election Law § 1-104(3), as recently amended on April 3, 2020.

Subject to Defendants' right to supplement this list at a later date, the subjects on which Defendants may seek discovery, include: (i) practices of Libertarian Party of New York and Green Party of New York, including the involvement of any national party organization, and consideration and/or determination regarding the endorsement or nomination of candidates, including for President of the United States; (ii) consideration, evaluation, and efforts taken to meet the vote thresholds set forth in New York Election Law § 1-104(3), before and after the April 3, 2020 amendment thereof, and/or to obtain or maintain party status or ballot access in either time period; and (iii) alleged costs and/or burdens to Libertarian Party of New York and Green Party of New York associated with maintaining or obtaining party status or ballot access before or after the April 3, 2020 amendment of the New York Election Law.

### d.  Written Discovery and Document Production

The Parties may initiate written discovery at any time after November 3, 2020.  Document discovery should be substantially completed 45 days after the service of requests for production.

No interrogatories may be served without Court approval.

Document productions will be made electronically, so far as is practicable, in Bates-stamped PDF format.

### e.  Electronically Stored Information

The Parties have conferred, in accordance with Rule 26(f), regarding disclosure, discovery, and preservation of electronically stored information ("ESI").  The Parties have taken all reasonable and necessary steps to preserve evidence in their possession, custody, and control, including all ESI, relevant to this action, in compliance with their obligations under the Rules.

**f.  Depositions**

At this juncture and subject to the written and document disclosures of Defendants, Plaintiffs may seek to take 1-2 depositions in this matter.

At this juncture and subject to the written and document disclosures of Plaintiffs, Defendants may seek to take depositions of corporate representatives of Plaintiffs Libertarian Party of New York and Green Party of New York, if necessary and warranted.

The parties reserve all rights to seek to limit to any appearances or testimony that are not germane to the legal issues in this action.

The Parties agree that all depositions shall occur within 30 days of the substantial completion of document discovery via videoconference.

**g.  Expert Discovery**

The disclosure of expert reports and testimony and rebuttal reports and testimony will be served on or before briefing on summary judgment motions in accordance with the schedule in Section II.  Any objection to expert testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Fed. R. Evid. 702, will be made by motion in accordance with the Court's Individual Practices.

**h.  Deadline to Join Parties or Amend Pleadings**

The Parties agree that the last day to join additional parties or amend the Complaint will be November 13, 2020.  Before making any motion to amend, the moving Party must seek a pre-motion conference in accordance with the Court's Individual Practices.

## II.  PROPOSED PRETRIAL SCHEDULE

The Parties propose the following pretrial schedule:[1]

| Item | Date/Deadline |
|---|---|
| Amend Pleadings/Add Parties | November 13, 2020 |
| Initial Disclosures Under Rule 26(a) | November 13, 2020 |
| Commencement of Fact Discovery | November 4, 2020 (requests for production to be served no later than December 4, 2020) |
| Substantial Completion of Document Discovery | January 8, 2021 |
| Depositions | February 1, 2021 |
| Fact Discovery Complete | February 8, 2021 |
| Summary Judgment[2] | March 1, 2021 |
| Summary Judgment Oppositions and Cross-Motions | March 22, 2021 |
| Summary Judgment Replies and Oppositions to Cross-Motions | April 12, 2021 |
| Summary Judgment Replies to Cross-Motions | May 3, 2021 |
| Joint Pretrial Order, Motions in Limine, Any Pretrial Memorandum, and Rule 26(a)(3) Disclosures | 30 days following a ruling on any dispositive motion. |
| Trial Ready Date | 14 days after the Joint Pre-Trial Order is filed. |

## III.  TRIAL

This case will be tried without a jury.  The Parties currently estimate that a trial would take two to three days, and will update the Court as discovery progresses.

SO ORDERED

Date: _____          _____

Hon. John G. Koeltl
United States District Judge

---

[1]  This matter is related to *SAM Party of New York, et. al. v. Kosinski, et. al.*, Case No. 1:20-cv-00323-JGK and *Hurley et. al. v. Kosinski et. al.*, Case No. 1:20-cv-04148-JGK.  If necessary and appropriate, the Parties reserve their right to seek revision of the foregoing schedule based upon the events in these related actions, including the pending appeal in *SAM Party of New York v. Cuomo, et. al.* Second Circuit Court of Appeals, Case No. 20-3047.

[2]  The Parties may seek leave of Court to file a motion for summary judgment at any time.  Any Party seeking summary judgment must request a pre-motion conference in accordance with the Court's Individual Practices.

4

Dated:  October 2, 2020

Respectfully submitted,


 _/s/ Michael Kuzma_
Michael Kuzma, Esq.
1893 Clinton Street
Buffalo, NY 14206
T: 716.822.7645
Kuzma_Michael@hotmail.com

*Attorney for Plaintiffs*


 _/s/ Elliot A. Hallak_
Elliot A. Hallak
Daniel L. LeCours
HARRIS BEACH PLLC
677 Broadway, Suite 1101
Albany, NY 12207
T: 518.427.9700
F: 518.427.0235
ehallak@harrisbeach.com
dlecours@harrisbeach.com

Thomas J. Garry
HARRIS BEACH PLLC
The Omni
333 Earle Ovington Boulevard, Suite 901
Uniondale, NY 11553
T: 516.880.8484
F: 516.880.8483
tgarry@harrisbeach.com

Kelly S. Foss
Kyle D. Gooch
HARRIS BEACH PLLC
99 Garnsey Road
Pittsford, NY 14534
T: 585.419.8800
F: 585.419.8801
kfoss@harrisbeach.com
kgooch@harrisbeach.com

*Attorneys for Defendants*